CHASEZ, Judge.
This is an appeal from a jury verdict dismissing plaintiff’s suit at his cost.
On August 6, 1968, plaintiff, Thomas Geeck, was injured on the premises of Garrard-Milner Chevrolet, Inc., a Chevrolet retail dealer located in the City of New Orleans. On that day plaintiff had been requested by a friend and business acquaintance, Mr. William Adams, to accompany him to Garrard-Milner to drive a truck which had been repaired by Gar-rard-Milner. Mr. Adams was recovering from a fractured pelvis and was not allowed, at that time, to drive any vehicle with a clutch in it.
Mr. Adams and Mr. Geeck entered the premises at the rear of the Garrard-Milner plant. They went first to the service desk to find the service manager but he was not there. They then looked in the repair shop and finally walked to the extreme rear of the premises to a fenced in area in which many vehicles were parked. Neither the truck nor the service manager could be located at that point and the two men separated. Mr. Adams went back toward the service desk and plaintiff continued to search for the service manager in the rear area of the property.
Mr. Geeck approached a grease stall where an employee of defendant, Garrard-Milner Chevrolet, Inc. was working on a car. The stall was a shed type building with roof and sides but no walls at either end. Mr. Geeck indicated that he spoke to an employee working in the stall but the employee apparently did not hear him because he did not respond. Mr. Geeck then *296 stated that he saw another employee at the opposite end of the stall and that he walked through the stall and spoke to the other man inquiring as to the whereabouts of the service manager. Geeck indicated that this employee did not know where the service manager was either so he turned to go back through the stall. He said he noticed something falling toward him and instinctively raised his hands to protect himself.
The falling object was a fan and as plaintiff raised his hands the thumb of his right hand went through the guard of the fan. His thumb was so severely injured that it was later necessary to amputate a portion of it.
The fan had been placed on top of an oil drum which was approximately three and one-half feet high. The cord extended along the floor across the stall to the opposite side where it was plugged into an outlet. According to evidence in the record the space between the oil drum and the side of the car being repaired was only fifteen inches. This fact becomes important because Mr. Geeck is a rather large man who weighed about 240 to 245 pounds at the time of trial.
Mr. Geeck testified that as he first walked through the stall he noticed the fan and the cord. It was on his return trip back through the stall that the fan fell and injured him. He stated that after he started back through the stall he passed the fan and stopped some two feet beyond it. In other words, the fan was two feet behind him. He was looking out of the stall, still searching for the service manager. According to his testimony, he was about to again ask the employee working under the car in the stall if he knew where the service manager could be found and, as he turned to do so, the fan fell injuring him.
The jury verdict in favor of the defendants was general in nature, no interrogatories having been propounded to it, and thus the basis of the verdict is not readily ascertainable. It is not clear whether the jury found that there was no negligence on the part of defendant, or that plaintiff was contributorily negligent or assumed the risk.
There is a serious question as to whether plaintiff was an invitee or trespasser since he was in a part of the premises not ordinarily utilized by customers. There is no question that a part of a premises may be held open to invitees and a portion closed off to invitees and open only to employees. However, in this case there was testimony from the service manager to the effect that there were no signs prohibiting customers from going into the area and that customers did walk back into the service area at times. Therefore plaintiff will be accorded the status of an invitee with all the attendant benefits and privileges.
The standard of care owed to an invitee is in general the following, as described by Judge Tate in Levert v. Travelers Indemnity Company, La.App., 140 So.2d 811 (3rd Cir. 1962):
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. * * *.
“On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reason *297 ably have appreciated before exposing himself to it.”
In the present case the fan was perfectly obvious. It rested on an oil drum at the edge of a space only fifteen inches wide. Defendant was under no duty to warn plaintiff of the presence of the fan. In fact, as stated, plaintiff testified that he had seen the fan and the cord on his first venture through the stall. Therefore, unless defendants committed some negligent act or omission they were without fault.
There was testimony for plaintiff by an electrical engineer that allowing a cord to extend across a stall such as this was a violation of the electrical code of New Orleans in that the cord created a “tripping hazard.” However, plaintiff did not show that anyone tripped over the cord and caused the fan to fall. In fact, in his brief to this court, plaintiff argues that “any number of factors could have caused it to fall, namely someone tripping on the cord or by vibrating off or falling off because of the insecurity of its base.” However, the mere possibility that one of several reasons may have been the cause for an event occurring does not amount to negligence.
Plaintiff has further relied on the doctrine of res ipsa loquitur in support of his case. We find this doctrine to be inapplicable. The rule may be found in Dorman v. T. Smith & Son, 223 La. 29, 64 So.2d 833 (1953) wherein the Supreme Court stated:
“ ‘ * * * in order for the rule to apply, it must be shown that the circumstances attending the accident were such as to create inference of negligence on the part of defendant’s employee, that the control and management of the instrumentality was exclusively vested in defendant and that plaintiff was not in a position to show the particular circumstances which caused the instrumentality to operate to his injury whereas the defendant, being in such a position, possessed superior knowledge or means of information as to the cause of the accident. * * * ’ ”
“ ‘ * * * If the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged, or if the plaintiff himself has equal or superior means of information, the doctrine will not apply.’ ”
In the present case there was no convincing evidence that the defendant possessed superior knowledge or opportunity to explain why the fan fell. Plaintiff was in just as good a position as defendant to show the particular circumstances which caused the instrumentality to operate to his injury. The doctrine is therefore of no avail to plaintiff.
Considering all the attending circumstances, we must conclude that plaintiff has failed to show any negligent behavior, act or omission on the defendants’ part and has therefore failed to prove his case by that preponderance of evidence necessary to support a judgment in his favor.
We may further state that from all indications in the record plaintiff’s injury was most likely caused by his own negligence. The space between the fan and the car and through which plaintiff walked was only fifteen inches wide. Plaintiff weighed approximately 245 pounds. Anything less than externe caution on his part could be said to be negligence. It is not unreasonable to believe that when plaintiff attempted to turn around in the fifteen inch wide area, only two feet from the fan, he set in motion events which brought about his own injury.
For the foregoing reasons, the verdict of the jury entered as judgment of the trial court in favor of defendants, Garrard-Mil-ner Chevrolet, Inc. and Liberty Mutual Insurance Company and against plaintiff, Thomas Geeck, dismissing his suit at his costs is affirmed. Costs of appeal assessed to plaintiff-appellant.
Affirmed.