ELLIS, Judge.
This is a suit for damages for personal injuries suffered by plaintiff Mrs. Maxine Mclnnis, who was injured when a large cement troweling machine fell on her foot. The sole defendant is Fireman’s Fund Insurance Company, the liability insurer of Lurgi-Knost, Inc. After trial on the merits, judgment was rendered dismissing Mrs. Mclnnis’s suit and she has appealed.
The accident happened in the driveway outside of the Mclnnis home. Sam S. Mclnnis, plaintiff’s husband and a field superintendent for Lurgi-Knost, was engaged in loading the cement troweling machine onto a pick-up truck. The machine had been left at Mr. Mclnnis’s home by his employer to be transported to a job in Taft, Louisiana. Its weight was estimated to be 285 pounds.
Mr. Mclnnis testified that he had loaded such machines without assistance on previous occasions. He stated that he had the machine up on the tailgate of the truck, preparing to slide it onto the bed, when the truck tilted to the right and the machine slid off. As the machine slid off, Mr. Mclnnis said he became aware that plaintiff was there, but was unable to prevent the machine from falling and striking her on the foot.
Mrs. Mclnnis testified that she was walking past her husband as he was attempting to put the troweling machine in the truck. She stated that she was going to put his lunch in the cab of the truck. As she walked past him, the machine fell and landed on her foot. Both Mr. and Mrs. Mclnnis denied that she was assisting him in any way.
The defenses interposed by Fireman’s Fund are contributory negligence and assumption of risk. It is claimed that Mrs. Mclnnis was in fact assisting her husband in loading the machine when the accident happened.
Louis Edward Rutland, Mr. Mclnnis’s immediate superior, testified that, after the *186 accident, Mr. Mclnnis told him that he had been unable to load the machine alone, and that plaintiff was assisting him when the accident happened. Mr. Rutland said that he reprimanded Mr. Mclnnis for utilizing the assistance of his wife. He also stated that, on the evening before, he had asked if Mr. Mclnnis wanted help and that Mr. Mclnnis had said that he would load it that evening with the assistance of his son.
Valmond J. Guitreau, a fellow employee, stated that Mr. Mclnnis had told him that plaintiff was helping him load the machine. Mr. Guitreau was a witness to the conversation between Mr. Mclnnis and Mr. Rut-land, and confirmed Mr. Rutland’s version thereof.
Both Mr. and Mrs. Mclnnis denied that she was assisting him, and Mr. Mclnnis denied having told either Mr. Rutland or Mr. Guitreau that she was helping him.
In disposing of the case, the trial judge said:
“It is the opinion of the Court that the plaintiff has failed by a preponderance of the evidence to establish negligence on the part of Mclnnis. The mere fact that the machine slipped and fell on her foot does not itself create negligence although it may infer some fault on the part of the person or persons attempting to load the machine. Frankly, the evidence is substantially in dispute on the issue of whether Mclnnis was attempting to load the machine by himself or whether to the contrary, his wife was assisting him in the loading operation. If it were clearly established by Mclnnis that he was loading the machine by himself, it may be that it would be negligence on his part to attempt to load the equipment in view of the heavy, unwieldy nature of the machine; however, where two persons were attempting to load the machine, such might not constitute negligence, and the fact that the machine slipped could not be assessed as fault on the part of either or both. “While the Court was impressed with the sincerity of the plaintiff in relating the manner in which the accident was said to have occurred, nonetheless, there is the substantial testimony of two impartial, disinterested witnesses who testified concerning Mclnnis’ version of what occurred immediately afterwards which varied adversely to that of his testimony. In view of this conflict, the Court believes that the plaintiff has failed to carry the burden of proof required by her.”
In this Court, plaintiff contends that the trial judge “should either believe or disbelieve the witnesses and adopt one of the versions.” It is further contended that plaintiff should recover under either version of the facts.
It is argued that, even if plaintiff did assist her husband in loading the machine, she did not assume the risk of its falling. The contention is without merit. In loading a heavy and unwieldy piece of equipment, the possibility of its falling is an easily foreseeable and obvious hazard. When performing such an operation, one assumes the risk of such foreseeable dangers. Laney v. Stubbs, 217 So.2d 468, 474 (La.App. 1 Cir. 1968). Neither would plaintiff be entitled to the benefit of the doctrine of res ipsa loquitur if she were assisting her husband. In that case, she would have as much knowledge as he of the cause of the accident. No presumption of negligence will arise under those circumstances. Dorman v. T. Smith & Son, 223 La. 29, 64 So.2d 833, 838 (1953); Geeck v. Garrard-Milner Chevrolet, Inc., 243 So.2d 294, 297 (La.App. 4 Cir. 1971).
We therefore find that each side of this case has alleged facts which, if true, would justify judgment being rendered in its favor. Two witnesses testified on each side, and the credibility of none of them was attacked. After hearing the testimony, the trial judge was unable to say that plaintiff had proven her case by a preponderance of the evidence. We find no man *187 ifest error in his conclusion. See Walker v. Walker, 159 So.2d 344, 346 (La.App. 2 Cir. 1963) ; City of New Orleans v. Levy, 233 La. 844, 98 So.2d 210, 213 (1957).
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.