322 So.2d 155 (1975)
Maxine McINNIS
v.
FIREMAN'S FUND INSURANCE COMPANY.
No. 56470.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
*156 Charles W. Franklin, Franklin, Moore & Walsh, Baton Rouge, for defendant-respondent.
Darrell D. White, White & May, Baton Rouge, for plaintiff-applicant.
MARCUS, Justice.
Mrs. Maxine McInnis filed this suit against Fireman's Fund Insurance Company, seeking damages for personal injuries suffered by her when a concrete troweling machine fell on her foot. The accident occurred when her husband, Sam McInnis, was loading the machine on a pickup truck. Defendant is the insurer of the employer of plaintiff's husband. She alleges that the accident was caused by the sole negligence of her husband. Defendant denied negligence on the part of Sam McInnis and alternatively pleaded the affirmative defenses of assumption of risk and contributory negligence. After trial on the merits, plaintiff's suit was dismissed. On appeal, the judgment was affirmed. 312 So. 2d 184 (La.App. 1st Cir. 1975). Upon plaintiff's application, we granted certiorari. 314 So.2d 739 (La.1975).

FACTS
Sam McInnis, plaintiff's husband, was employed as a field superintendent for Lurgi-Knost, Inc. A concrete troweling machine, weighing approximately 285 pounds, was left at the McInnis home by the employer for its use on a construction job in Taft, Louisiana. The next morning, Sam McInnis was engaged in loading the machine onto his pickup truck which he had backed into an area on the side of their apartment where the machine had been deposited. While lifting this piece of heavy equipment to his truck, it slipped from his grasp, slid off the tailgate of the truck and fell on his wife's foot. On the evening before, McInnis' immediate superior had asked him if he wanted help in loading the machine. McInnis had refused and told him that, if he needed any help, his son would assist him. The fact is that his son did not assist him in loading the machine. The only factual dispute involves whether or not plaintiff was assisting her husband in loading the machine on the truck at the time of the accident. Both Mr. and Mrs. McInnis were steadfast in their testimony that she was not. It is their position that Mrs. McInnis was on her way to put her husband's lunch in the truck when the accident occurred. Due to the position of the truck, it was necessary for her to proceed behind her husband. It was at this time that the machine slipped out of his hands, slid off the truck and struck her foot. On the other hand, two employees of Lurgi-Knost testified that, when Mr. McInnis related the events of the accident to them, he stated that his wife was helping him lift the equipment onto the truck at the time of the accident.

*157 ISSUES
The issues to be resolved in this litigation are: (1) negligence, if any, of Sam McInnis; (2) if he is negligent, whether plaintiff's action is barred by either the defense of assumption of risk or contributory negligence; and (3) if plaintiff's action is not barred by either of these defenses, the amount of damages she is entitled to recover.

I.
The troweling machine was fortytwo inches in diameter, with a ring around the blade at the bottom and a handle. According to the testimony, not only was this piece of machinery heavy (about 285 pounds), but it was extremely awkward to handle. Attempting to lift this equipment to the truck without help (even assuming his wife was assisting him) constituted negligence on the part of Sam McInnis. According to his own testimony, while lifting the machine to the tailgate of the truck, it slipped from his grasp, slid off the tailgate and fell to the ground. There can be no serious doubt as to his negligence under the circumstances.

II.
Having concluded that Sam McInnis was negligent, we next consider the defenses of assumption of risk and contributory negligence. We stated in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971):
The determination of whether a plaintiff has assumed a risk is made by subjective inquiry, whereas contributory negligence is determined objectively under the reasonable man standard. See Restatement (Second), Torts § 496 (1965); Symposium: Assumption of Risk, 22 La.L.Rev. 1-166.
It is fundamental that, in order to assume a risk, one must knowingly and voluntarily encounter a risk which caused him harm. Plaintiff must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger because of the risk.[1] Assumption of risk is an affirmative defense which must be specially pleaded.[2] The burden of proving this defense is upon the defendant.[3]
In the instant case, the defense of assumption of risk is predicated on the averment that plaintiff "knowingly and voluntarily" assisted her husband in loading a heavy piece of equipment, "the dangers and risks of which were apparent and obvious to her."
As previously noted, the record contains a factual dispute as to whether plaintiff assisted her husband in lifting this heavy piece of equipment onto the truck. Even assuming that she was in fact assisting him, there is no proof in the record that plaintiff knew or understood the risk involved or that she accepted the risk as well as the inherent possibility of danger because of the risk. On the contrary, the record shows that Mr. McInnis, a former football player at LSU, had loaded similar equipment without assistance on previous occasions. Therefore, it was not obvious or apparent to plaintiff that he could not lift the machine on this occasion without incident. Under these circumstances, we have no hesitation in concluding that Mrs. McInnis did not assume the risk.
Contributory negligence is also an affirmative defense which must be specially pleaded. Defendant bears the burden of proving contributory negligence by *158 a preponderance of the evidence. Contributory negligence is objectively determined under the reasonable man standard. Assuming again the plaintiff was assisting her husband at the time of the accident, we are unable to say that this conduct was unreasonable under the circumstances. Merely assisting her husband under the circumstances here presented is insufficient evidence to constitute contributory negligence on her part.

III.
In view of the foregoing, the final issue for our determination is the amount of damages plaintiff is entitled to recover for the injuries sustained by her as a result of the accident.
Plaintiff was seen by her doctor at the emergency room of the Baton Rouge General Hospital on the date of the accident (August 3, 1972). X-rays revealed a fracture of the mid-foot. A short leg walking cast was applied. Several office visits followed for patching of the cast and, on August 28, 1972, the case was removed and crutches were employed for ambulation. On September 11, 1972, she was allowed to begin full weight bearing without external support. Pain was subsiding at that time. The treating physician found plaintiff to be well-healed as of October 12, 1972 although she still complained of some swelling with excessive use of the foot. Plaintiff was discharged from his care at that time and was not again seen by him. The doctor's report filed in the record is somewhat inconsistent. On the one hand, it recognizes a possible 5-to-10% disability of the right foot because of some loss of motion and the possibility of arthritis. At the same time, however, it does not ascribe any permanent disability resulting from the injury. Plaintiff testified that she still suffers occasional pain.
The medical expenses amounted to $133.50. Plaintiff lost wages for two months totaling $518.40. After reviewing the evidence, we consider that an award of $3,500.00 for general damages would be proper.

CONCLUSION
In sum, we conclude that the accident was caused by the sole negligence of Sam McInnis. Furthermore, plaintiff's action is not barred by either the defense of assumption of risk or contributory negligence. Finally, plaintiff has successfully proven damages in the amount of $133.50 for medical expenses, $518.40 for loss of wages, and $3,500.00 for general damages.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside. Judgment is now entered in favor of the plaintiff, Mrs. Maxine McInnis, and against defendant, Fireman's Fund Insurance Company, in the full sum of $4,151.90, together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings.
SUMMERS, J., dissents for the reasons assigned by the trial judge and the Court of Appeal on this purely factual issue involving, to a large extent, credibility of witnesses. See 312 So.2d 184 (1975).
NOTES
[1] Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971); Pollard v. Roberts, 306 So.2d 801 (La.App. 2d Cir. 1975); W. Prosser, Law of Torts 447 (4th ed. 1971).
[2] La.Code Civ.P. art. 1005 (1960).
[3] Langlois v. Allied Chemical Corporation, supra; Pollard v. Roberts, supra.