364 So.2d 613 (1978)
Cecile L. ANDRY
v.
F. R. KINBERGER, M. D. and St. Paul Fire & Marine Insurance Company.
No. 9380.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
Murray, Murray, Ellis, Braden & Landry, W. Glenn Burns and Julian R. Murray, Jr., New Orleans, for plaintiff-appellant.
Dodge, Friend, Wilson & Spedale, Gordon F. Wilson, Jr., and Denis, Paul Juge, New Orleans, for defendants-appellees.
*614 Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against defendants, F. R. Kinberger, M. D., and his liability insurer, St. Paul Fire & Marine Insurance Company, seeking damages for personal injuries sustained by her when she fell on the front steps of the Kinberger residence after attending a card party. Defendants answered, denied the allegations of the petition, and asserted contributory negligence and assumption of risk as affirmative defenses.
After a jury trial, a verdict was returned against plaintiff and in favor of defendant, St. Paul Fire & Marine Insurance Company.[1] Judgment was rendered on that verdict, and plaintiff has appealed from that judgment.
On May 26, 1975 plaintiff, then eighty years old, arrived at the Kinberger home at approximately 10:30 a. m. accompanied by two friends, Mrs. Isabelle Booksh and Mrs. Norman White. Plaintiff, Mrs. Booksh, Mrs. White and Mrs. Kinberger were a regular bridge foursome and had played together for several years. The group had played cards at the Kinberger home between three and five times.
At approximately 4:30 p. m. the ladies terminated their card game. They proceeded from the card table to the front porch and main exit escorted by their hostess, Mrs. Kinberger. Plaintiff attempted to leave the Kinberger home by walking down a set of four concrete steps which were attached to the porch.
Mrs. White descended the steps first, and plaintiff, with the aid of Mrs. Booksh, followed closely behind her. It is undisputed Mrs. Booksh assisted plaintiff down the steps because they had no railings, they were high, and there existed a break or cleavage between two of the steps. Moreover, there was a difference in distance and angle between the third and fourth steps when compared with the other steps in the set.
Mrs. White went down the steps without incident, and plaintiff, with the assistance of Mrs. Booksh, safely descended the first three steps. However, she was unable to maintain her balance on the fourth step, allegedly because of the irregularity in distance and angle of that step as compared with the others. When plaintiff attempted to place her foot on the fourth step, she lost her balance and fell to the ground, breaking her collar bone and sustaining other less serious injuries. Plaintiff's recovery was somewhat complicated and impeded because of her age.
Plaintiff's suit was based on two theories of recovery. First, she alleged the Kinbergers were negligent in failing to maintain their steps in a reasonably safe condition for their intended use and on their failure to warn persons using the steps of their dangerous condition. Second, she alleged the Kinbergers, and consequently the defendant insurer, were strictly liable for the defective condition of the Kinberger premises in accordance with Articles 2315, 2317, and 2322 of the Louisiana Civil Code.
The jury's verdict was based upon answers to specific interrogatories submitted to it. The jury found (1) the steps in question were defective, (2) the defect in the steps was a result of a vice in their original construction, (3) the owner of the house was guilty of no negligence which proximately caused plaintiff's injury, and (4) plaintiff was guilty of contributory negligence or assumption of risk.
The jury's answer to the last interrogatory, whether plaintiff was guilty of contributory negligence or assumption of the risk, was "yes". Plaintiff asserts as error the trial judge's conclusion that this finding was sufficient to defeat her claim for damages in a strict liability action under Louisiana law. Implicit in this argument is the trial judge's failure to instruct the jury on *615 the difference between contributory negligence and assumption of risk. In addition, plaintiff urges error in several charges given the jury at the request of the defendant and argues the trial judge should have instructed the jury on the doctrine of comparative negligence.
Plaintiff makes no serious argument regarding the first three findings by the jury. She tacitly concedes the doctrine of manifest error prevents this court's rejecting the jury's finding that the steps were defective, that the defect was a result of a vice in the original construction of the steps, and that the owner of the house was not guilty of negligence which caused the injury.[2]
Now relying solely on strict liability, plaintiff's argument is based on the theory that the trial court acted in error by rendering judgment on a finding that plaintiff was guilty of "contributory negligence or assumption of the risk" without specifically distinguishing whether it held her guilty of contributory negligence or of assumption of risk. The basis for this argument is the Supreme Court decision of Langlois v. Allied Chemical Corporation,[3] which held assumption of risk is the only defense in a strict liability case. Plaintiff contends that if the jury concluded she was guilty only of contributory negligence she would be entitled to a remand for a new trial.
The record in this case clearly reveals plaintiff was guilty of assumption of risk. The doctrine of assumption of risk involves the existence of a risk of bodily harm, knowledge by the injured person of the risk, and the injured person's voluntarily subjecting himself to injury by the known risk.[4]
The testimony shows plaintiff had come to the Kinberger home on at least three prior occasions. Plaintiff, as well as the two younger friends who accompanied her, all acknowledge the dangerous condition was visible and was discussed by them. Plaintiff specifically admitted the condition of the steps was visible and known to her. She testified she knew it was dangerous but that she decided to "take a chance the third time." The evidence thus shows plaintiff knowingly and voluntarily accepted the risk when she understood and appreciated the inherent possibility of injury because of the risk.
A case similar to the one now before the court is Hurst v. Hardware Mutual Casualty Company,[5] in which the appellant contended the wording of interrogatories made impossible a determination of the basis of the jury's verdict. The court held such a problem not grounds for reversal because the verdict was consistent with the evidence. It is a well established principle in Louisiana that even if errors are made in jury interrogatories or charges, an appellate court has the duty to review the facts in the record and affirm the verdict if it is consistent with the evidence.[6] In the instant case the evidence in support of plaintiff's assumption of risk is so strong that if the jury had returned a verdict in favor of plaintiff, it would have been incumbent upon this court to reverse the jury's finding as manifestly erroneous in spite of the broad discretion afforded the trier of fact in Louisiana.
In view of our holding that the evidence establishes plaintiff's assumption of risk, with perhaps one exception, the other issues raised by her as errors are rendered moot. The exception referred to is plaintiff's objection to, and allegation of error in, the trial court's failure to give a charge on comparative negligence. Plaintiff admits the Louisiana rule, established by numerous cases, is to the effect that regardless of the *616 extent of a defendant's negligence, a plaintiff may not recover if his own contributory negligence was a proximate cause of the accident. The simple answer to this argument is that many of the cases so holding were handed down by the Supreme Court of Louisiana, whose jurisprudence we are required to follow.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Prior to trial plaintiff dismissed her suit against the individual defendant, Dr. Kinberger, reserving all rights against his insurer.
[2] See Dyson v. Gulf Modular Corp., La., 338 So.2d 1385; Roussel v. Colonial Sugars Company, La., 318 So.2d 37; Canter v. Koehring Company, La., 283 So.2d 716.
[3] 258 La. 1067, 249 So.2d 133; see also Wunstell v. Crochet, La.App., 325 So.2d 727.
[4] See, for example, Mclnnis v. Fireman's Fund Insurance Company, La., 322 So.2d 155.
[5] La.App., 234 So.2d 802.
[6] See, for example, Druilhet v. Comeaux, La. App., 317 So.2d 270, cert. denied, La., 321 So.2d 363 (1975).