387 So.2d 690 (1980)
James DORRY, Plaintiff-Appellant,
v.
Goldman LAFLEUR, Defendant-Appellee.
No. 7660.
Court of Appeal of Louisiana, Third Circuit.
July 31, 1980.
Rehearing Denied September 19, 1980.
*691 Steven Broussard, Lake Charles, for plaintiff-appellant.
Rogers & St. Romain, Jack Rogers and Phillip W. St. Romain, Lake Charles, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
Plaintiff, James Dorry, brought suit against defendant, Goldman Lafleur, attempting to recover damages for personal injuries he sustained when he slipped and fell while roller skating at defendant's roller skating rink. The trial court, in ruling in favor of the defendant and dismissing plaintiff's suit at his costs and with prejudice, found that the plaintiff had assumed the risk and was contributorily negligent.
The issues presented are:
(1) Is the defendant liable under the theory of strict liability as set forth in LSA-C.C. Article 2322[[1]];
(2) Is assumption of the risk a defense to a suit based on LSA-C.C. Article 2322 and did the plaintiff assume the risk;
(3) Was the defense of contributory negligence properly raised by defendant.

*692 FACTS
On January 19,1979, James Dorry slipped and fell while roller skating at Lafleur's Roller Rink in Sulphur, Louisiana. Dorry's fall was caused by a puddle of water on the rink floor. This puddle, like two others present on the rink floor on the night of Dorry's accident, resulted from a leak in the roof of the building. As a result of his fall, plaintiff suffered a broken right elbow, bruised left wrist and a bruised left arm.

OWNER'S LIABILITY
The owner's fault under LSA-C.C. Article 2322 is founded upon a breach of his obligation to maintain his building in good repair so as to avoid the creation of undue risks of injury to others. Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1978).
Operators of recreational facilities are not the insurers of the safety of their patrons, but must conduct their operations in such a way as to not expose the patron to an unreasonable risk of harm, considering the nature of the facilities provided. Alfonso v. Market Facilities of Houston, Inc., 356 So.2d 86 (La.App. 1 Cir. 1978), writ denied, 357 So.2d 1169 (La.1978); Spiers v. Lake Shore Enterprises, Inc., 210 So.2d 901 (La.App. 1 Cir. 1968).
An obvious undue risk of injury was created by the water which had accumulated on the rink floor. The ruin which created the risk was a leak in the roof, which leak should have been repaired by Lafleur. Lafleur could have caused a halt to the skating once he was apprised of the dangerous condition created by the water on the floor. These things were not done, however. He is therefore liable to anyone injured on the premises as a result of the ruin in his building or as a result of a breach of the duty which operators of amusement facilities owe to their patrons, unless, of course, he successfully makes out a defense.

DEFENSES
A. Assumption of Risk.
The dispositive issue herein concerns the viability of assumption of the risk doctrine as a defense to strict liability under Article 2322, and whether or not plaintiff knowingly assumed the risk of injuring himself in the manner in which he did.
In order for a plaintiff to assume risk, he must knowingly and voluntarily encounter the risk which caused him harm; plaintiff must understand and appreciate the risk involved and must accept the risk as well as the inherent possibility of danger which may result from that risk. Prestenbach v. Sentry Insurance Company, 340 So.2d 1331 (La.1976); McInnis v. Fireman's Fund Insurance Company, 322 So.2d 155 (La.1975).
In a recent case, Bass v. Aetna Insurance Co., 370 So.2d 511 (La.1979), the Supreme Court discussed in some detail the doctrine of assumption of risk. The necessary ingredient for one to assume a risk and then have his recovery barred is knowledge. One must actually, subjectively comprehend the risk or it must be something that one knows or should have known.
In Prestenbach v. Sentry Insurance Company, supra, at page 1335, the Supreme Court further discussed the knowledge element of the defense:
"As we stated in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971), `the determination of whether a plaintiff has assumed a risk is made by subjective inquiry . . . .' See also McInnis v. Firemen's Fund Ins. Co., 322 So.2d 155 (La.1975); Prosser on Torts, pp. 447-450 (4th ed., 1971).
"In order for a plaintiff to assume a risk, he must knowingly and voluntarily counter the risk which causes his injury. McInnis v. Firemen's Fund Ins. Co., cited above. `Knowledge' is the mainstay of this defense, and it must be proved by a preponderance of the evidence.
"Recovery is denied if the plaintiff knew or should have known of the risk involved. The defendant argues, and the court of appeal also held, that Prestenbach should have known of the driver's condition, simply since he had spent most of the evening with him.

*693 "However, for purposes of a knowing assumption of risk, we impute knowledge to a plaintiff, not because he was in a position to make certain observations, but only when he actually makes those observations and, from them, should reasonably have known that a risk was involved."
According to plaintiff's testimony, puddles of water began to form on the rink floor approximately one hour before he fell. Plaintiff stated that he knew the water was there and had to skate around it. Although he testified that he did not see the puddle which ultimately caused his fall, Dorry knew or should have known that there was a good possibility that water would be present in areas other than the area which he avoided while skating. We find that the trial court was correct in concluding that plaintiff knowingly assumed the risk of injuring himself.
The owner or guardian of a building who is responsible for the harm caused thereby may exculpate himself by showing that the harm was caused by the fault of the victim, by the fault of a third person, or an irresistible force. Olsen v. Shell Oil Company, supra; Loescher v. Parr, 324 So.2d 441 (La.1975). Since the injuries plaintiff sustained were due at least in part from his own fault, recovery was properly denied.
B. Contributory Negligence.
Because we have concluded that plaintiff must be denied recovery for the reason that he voluntarily assumed the risk of injuring himself in the manner in which he did, we need not consider whether or not the defense of contributory negligence is properly raised by the defendant.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against the plaintiff-appellant, James Dorry.
AFFIRMED.
NOTES
[1] Article 2322:

"Damage caused by ruin of building
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."