421 So.2d 278 (1982)
Yvonne Boudreaux, Widow of Leslie WILLIAMS, and on Behalf of Her Minor Daughter Taiwan WILLIAMS
v.
NEW ORLEANS PUBLIC SERVICE INC., Earl K. Donald, and South Carolina Insurance Company.
Jo Ann BOYKINS, Individually and as Natural Tutrix of the Minor Children, Darry Boykins, Jerry Boykins, Anthony Boykins and Rodney Boykins
v.
NEW ORLEANS PUBLIC SERVICE, INC., Earl K. Donald, and South Carolina Insurance Company.
Nos. 13087, 13088.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1982.
Rehearings Denied November 19, 1982.
*279 Orlando G. Bendana and Wayne H. Carlton, Jr., Bendana & Carlton, New Orleans, for plaintiff-appellee Yvonne Boudreaux.
Arthel J. Scheuermann and Lawrence Blake Jones, Scheuermann & Jones, New Orleans, for plaintiff-appellee Jo Ann Boykins.
David M. Cambre, Dillon & Cambre, New Orleans, for defendants-appellants Donald & S. Carolina Ins.
Gordon F. Wilson, Jr., Dodge, Friend, Wilson & Spedale, New Orleans, for defendant-appellant Avanti Research & Development.
C.B. Ogden II, New Orleans, for defendant-appellant New Orleans Public Service.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
This is a wrongful death action by the widows and children of Leslie Williams and Jerry Boykins, growing out of the death of the decedents who were electrocuted while in the process of raising a "Citizens Band" (CB) radio antenna on the property of defendant Earl K. Donald. Defendants along with Donald were his liability insurer, South Carolina Insurance Company, New Orleans Public Service, Inc. (NOPSI), and Avanti Research & Development, Inc., the manufacturer of the antenna. The trial court dismissed the suits against NOPSI and Avanti but awarded a judgment in favor of each set of plaintiffs against Donald and his insurer for $50,000 based upon a stipulation that the amount of the judgment would not exceed the amount of Donald's insurance. Donald and his insurer have appealed as have the plaintiffs. The principal issue is whether the trial court erred in failing to dismiss plaintiffs' suits on theories of contributory negligence and/or assumption of the risk and/or victim fault.
On April 2, 1978, Donald invited decedent Boykins along with Boyd and Clark to assist him in the assembling and erection of a CB antenna which was manufactured by Avanti. Donald took the antenna, still in its shipping box, from his living room to his back yard where it was opened by the four of them and the process of assembling the parts began. Sometime later decedent Williams, Woods and Holiday joined the group and assisted in the project.
After the antenna was assembled it was mounted on a mast, which was attached to a rotary, which was attached to a tower, which was attached to a base. This was all done while the parts were on the ground and the next step was to raise the entire contraption over the base until it was perpendicular to the ground. The base, consisting of an iron post imbedded in concrete, had been previously installed by Donald alongside the rear of his house and the position of the base predetermined that the contraption would run diagonally across the back yard and toward a fence on the side of the yard. Running parallel to this fence along the side of Donald's property and suspended on poles were high voltage feeder lines belonging to NOPSI.
The plan for raising the contraption was for two of the men to stand on Donald's roof pulling a line connected to the mast, and for four of the men, including Donald *280 and the two decedents, to lift the contraption by walking it toward Donald's house. In the meantime Holiday would use another structure to prop up the contraption as the men raised it. In the process the antenna came into contact with the electric lines, causing the electrocution of the decedents and injury to the other three on the ground, including Donald.
In reasons for judgment the trial court found that the cause of the accident was Donald's negligence in establishing the location of the tower base and in failing to know the height of the structure. The court also reasoned that strict liability under LSA C.C. Art. 2317 applied to the situation. The court found that Donald failed to carry his burden of proof to show that decedents were able to know and comprehend the danger they were placed in and concluded that there was no proof of victim fault which might preclude recovery under Art. 2317.
Assuming for the sake of discussion that Donald was negligent in choosing the site for the base and failing to know the height of the antenna, this was not the cause in fact of the accident. The evidence is uncontradicted that this entire group of men, including the two decedents, after assembling the structure and immediately prior to raising it, stood under the electric wires and discussed the question of whether the antenna would clear the wires when raised. It cannot be said that Donald's failure to measure the antenna caused the accident any more than the same failure of the two decedents and the other men in the group. They all knew that Donald's hadn't measured the antenna and were not relying on any measurements he furnished. Each one had the same duty as Donald to determine whether the antenna would clear the wires before they raised it and by failing to discharge that duty they caused the accident as much as Donald did. When a negligence test is applied to this case the plaintiffs are precluded from recovery because of the negligence of their own decedents, whether it be deemed joint negligence with the tort feasor they sued or contributory negligence. The same result obtains either way.
The trial court considered that his judgment was "bolstered" by the evolving law of strict liability in Louisiana. Plaintiffs contend that the placement of the base by Donald, with a predetermined method of attachment to it by the structure so that it would necessarily be raised in proximity to the electric wires constituted a "thing" in Donald's custody for which he should be held strictly liable under C.C. Art. 2317. However, in Loescher v. Parr, 324 So.2d 441 (La.1975) the court held that victim fault was a defense to an action based on Art. 2317's strict liability. Recent Supreme Court cases does not clearly define victim fault as compared to our traditional concepts of contributory negligence. In Dorry v. Lafleur, 399 So.2d 559 (La.1981) the court observed: "Under what circumstances a plaintiff's contributory negligence should bar his recovery in a strict liability case should be developed on a case by case basis," and rejected contributory negligence as a legitimate defense to the claim in that particular case. However, the court did approve of assumption of the risk as a defense to the claim, although concluding that the Court of Appeal had erroneously upheld the defense in that case because the victim had only constructive knowledge of the risk as opposed to actual knowledge. However, even Dorry creates doubts because it was only a plurality decision of the court with three justices concurring and one dissenting from a case written by a Justice ad hoc. In Kent v. Gulf State Utilities Company, 418 So.2d 493 (La.1982) Justice Dennis provided an insight into his thinking with this conclusion of his dissenting opinion: ".... I find that the plaintiff's own fault would preclude him from recovering in this case even under a [Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (La. 1971)] type of strict liability. Although it is a close question, as I appreciate the evidence, plaintiff knowingly and unreasonably assumed the risk of electrocution by flip-flopping a meter pole near the defendant's power line."
Under the facts of the instant case, plaintiffs are precluded from recovery by their own fault no matter how that fault is measured, *281 i.e., contributory negligence or assumption of the risk. As evidenced by the discussion which took place among all of the men just before they began to raise the antenna they were all aware of the presence of the wires overhead, the danger of accident if the antenna made contact with the wires, and a willingness to assume the risk that the antenna would come in contact with the wires, and they proceeded without knowing the height of the antenna or of the wires. In Dorry v. Lafleur, supra, the court limited application of assumption of the risk to those situations where the victim has actual knowledge and appreciation of the danger as contrasted with constructive knowledge and appreciation. Thus, plaintiffs argue that the burden was on defendants to prove that the decedents had actual knowledge and appreciation as an element of the defense to their claims. However, Dorry says:
"This is not to say that the plaintiff's disclaimer of knowledge or appreciation must be taken at face value. This is a fact question. And there are some risks that every man must be held to appreciate, (see Restatement, supra, comment d). There is a plain difference, however, between what one must have known (a finding of actual knowledge) and what one should have known (the imposition of an objective standard of care)."
The decedents were both educated, mature individuals who held steady jobs and provided for their families. They were both involved in CB radio activities. Indeed, of all the group, Boykins seemed to be quite knowledgable in the assembling and erecting of such an antenna and was regarded as a leader of the group to some extent. The conversation among the men was apparently intelligent conversation with respect to the very danger which caused the accident. All these factors militate in favor of the conclusion that they must have known of the danger and consequently assumed its risk as per Dorry. This conclusion is bolstered by the comment of the court in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976):
"Electric wires on a pole are an announcement of danger to almost anyone smart enough and old enough to get himself in contact with a wire 28 feet above the ground."
The plaintiff widow and surviving children of Boykins have maintained in this court the appeal taken from the judgment in favor of NOPSI and Avanti. (The Williams group have acquiesced in this aspect of the trial court's judgment). Our previous discussion with respect to the activities of both decedents, including Boykins, would preclude his survivors from recovery for the same reason that they are precluded from recovery against Donald and his insurer. Nonetheless, our review of the record enables us to conclude that the trial judge committed no error in his conclusion that these defendants are not liable to Boykins' survivors. As to NOPSI, the wires were the proper height from the ground, and it had no notice or knowledge that the project was going to take place so as to impose some duty on it to de-energize the wires. A reading of Kent v. Gulf States Utilities Co., supra, is sufficient for this court to exonerate NOPSI under the circumstances. As to Avanti, the argument is that it was strictly liable as a manufacturer because its product was unreasonably dangerous in the absence of a warning. We have concluded, first, that this product in itself was not unreasonably dangerous if put to normal use but only became dangerous by the abnormal use of it in close proximity to electrical wires. As to warning, this seems superfluous since the men all knew about the danger based on the discussion they held before the accident occurred. In other words, even if the warning had not been given these men knew of the danger which the warning would have contained. In any event, the evidence shows there were at least three warnings of the danger of electrocution from overhead wires. One was on the outside of the box which was on the ground in the presence of everyone as they assembled the antenna, another was on or in the bag of parts used in the assembly and a third was contained in the instruction booklet that all the men were consulting during the project.
Accordingly, the judgment in favor of plaintiffs is reversed and set aside and *282 there is judgment in favor of Earl K. Donald and South Carolina Insurance Company, and against plaintiffs dismissing their suits at their costs; the judgment in favor of New Orleans Public Service, Inc. and Avanti Research and Development, Inc., dismissing plaintiffs' suits against them, is affirmed.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.