COVINGTON, Judge.
This is an appeal by plaintiff, The Travelers Indemnity Company, from a judgment dismissing its suit against the defendant, Exxon Pipeline Company. Exxon answered the appeal asserting the correctness of the trial court’s judgment; third-party defendant, Ascension Parish Police Jury, answered plaintiff’s appeal and also urged the correctness of the trial court’s judgment. Both Exxon and the Police Jury raised alternative issues in the event of reversal of the judgment by this Court.[1]
This is a damage suit arising out of an explosion that destroyed a bulldozer belonging to the Ascension Parish Police Jury. On July 10, 1979, Alexis, the bulldozer operator and employee of the Police Jury, was burying debris from the dredging of the Hackett Canal in Ascension Parish when he struck and ruptured an underground gas pipeline owned by Exxon Pipeline Company. The escaping gas caused an explosion which destroyed the bulldozer. Travelers, the insurer, paid the Police Jury for the damage to the bulldozer; and, as subrogee, brought this suit under the theory of strict liability against Exxon and the land owner[2] to recover the amount paid. Exxon reconvened against Travelers for its loss of gas from the ruptured pipeline and for the cost of repairing the pipeline. Exxon also brought a third-party action against *1076 the Police Jury as the employer of the bulldozer operator.[3]
The trial court found that Exxon’s pipeline was defective because there were no signs or markers to indicate its location. The lower court additionally found that the unmarked gas pipeline created an unreasonable risk of harm in that Exxon should have anticipated that a canal of the size of the Hackett Canal would have to be cleared and widened from time to time. Hence, Exxon failed to fulfill its duty to protect others from the risk of harm resulting from the defective condition of the thing within its custody and control. LSA-C.C. art. 2317.
After determining that Exxon had breached its duty as the owner-custodian of the pipeline and that this breach of duty was a cause of the accident, the court considered the defenses available to Exxon. The trial court found that the Police Jury, Travelers’ subrogor, was guilty of negligence. This negligence consisted of the Police Jury’s failure to inform its employee of the location of the pipeline when the Police Jury had maps showing that location. The court also found that the land owner'had informed the bulldozer operator of the location of the pipeline several weeks prior to the accident, so that he was negligent in striking the pipeline under the circumstances. Finding that the bulldozer operator had actual knowledge of the location of the pipeline and that it was the responsibility of the Police Jury to inform its employee of the location of the pipeline, the trial court concluded that contributory negligence or victim fault on the part of the plaintiff’s insured barred recovery.
On appeal, Travelers contends that since Exxon was strictly liable as the owner-custodian of the pipeline under LSA-C.C. art. 2317, the trial judge erred in allowing Exxon’s defense of victim fault or contributory negligence so as to preclude Travelers’ recovery of damages.
The concept of contributory negligence or victim fault in strict liability cases is stated in Dorry v. LaFleur, 399 So.2d 559, 560 (La.1981):
Where a plaintiff’s negligence contributes to his own damage, there is no reason to ignore his fault in every case simply because the defendant’s liability is based on some legal fault other than negligence. Quite to the contrary, the plaintiff’s negligence should carry more, not less, consequence when the defendant is strictly liable, but less culpable than the plaintiff.
As further stated in Dorry: “There is no policy reason to deny these strictly liable defendants the defense of contributory negligence.” 399 So.2d at 561.
To the same effect is Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720, 725 (La.App. 1st Cir.1983), wherein this Court said:
Because the ultimate duty which arises under either the strict liability or negligence theory is the same, there is no rational policy basis for precluding contributory negligence as a defense to one and not the other. The conduct of the .claimant should be analysed the same in either situation.
On the question of whether contributory negligence is available as a defense to the strictly liable defendant, this Court in Pope v. City of Baton Rouge, 449 So.2d 1070 (La.App. 1st Cir.1984), observed:
In our view it is immaterial whether we term the conduct of Mrs. Pope “victim fault” or whether we term it “contributory negligence.” The causative fault involved in this case dictates the same result. Semantic refinement of conceptual theories only confuse further an already perplexing jurisprudence. Stability in our law, with its many advantages, validates the use of traditional defenses in tort actions. Weaving an intricate path among defenses perceived to emanate from La.Civ.Code arts. 2315, et seq., is unnécessary. See, e.g., Loescher v. Parr, 324 So.2d 441 (La.1975). A better approach would seem to be the use of the terms fault, force, and fortui *1077 tous event as defined by La.Civ.Code art. 3556 (13, 14 and 15).
We find that the “causative fault” or contributory negligence of the Police Jury and of the bulldozer operator precludes the recovery of damages by the Police Jury’s subrogee, The Travelers Indemnity Company.
For the reasons assigned, the judgment of the trial court is affirmed at the appellant’s costs.
AFFIRMED.
SAVOIE, J., concurs in the result.

. Since we affirm the trial court’s judgment, it is not necessary that we discuss these alternative issues.

. The land owner, M.P. Evans, Jr., was, by joint motion of plaintiff and Evans, dismissed as • a defendant, and his reconventional demand and his third party claims were also dismissed. In said motion, plaintiff reserved its rights against Exxon.

. Exxon’s claims were denied.