MARVIN, Judge.
The employer’s worker’s compensation insurer and the employee who was paid compensation appeal a judgment rejecting their demands for damages which arose when the employee stepped through a hole in the floor of defendant’s truck after he was shown and warned about the hole.
The issues concern defenses which may avoid fault under CC Arts. 2315 and 2317 [1] *907 before the adoption of comparative negligence. This accident occurred in 1974. Turner v. New Orleans Public Service Inc., 471 So.2d 709 (La.1985). We affirm.
The six-inch hole was in the rear center of defendant’s truck that delivered bulky cardboard boxes (approximately 3' x 3' x 11') of unassembled shelving to the employer’s store. Defendant did not ask the store employee to assist unloading. The employee assisted because he was told to do so by his superior. Defendant’s driver showed the hole to the employee and told him to be careful not to step into the hole.
About one-half of the boxes had been unloaded without incident when the employee stepped through the hole and seriously injured his left leg while carrying one end of a box. The employer’s insurer, who paid compensation under the w.c. law, sued defendant and the employee intervened for his damages. LRS 23:1101 et. seq.
CC ART. 2317 STRICT LIABILITY
The hole created an unreasonable risk of injury and contributed to the cause in fact of the injury. Entrevia v. Hood, 427 So.2d 1146 (La.1983). The possibility that someone would step into the hole and suffer injury is great when compared to the utility of the defendant’s conduct. Defendant could have easily cured the problem by placing plywood or something similar over the hole. CC Art. 2317 is applicable in this case. Entrevia, supra.
CONTRIBUTORY NEGLIGENCE
Contributory negligence is that conduct which falls below the standard of a reasonable man in similar circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973). The trial court’s finding that the employee had been shown, and warned of, the hole is not clearly wrong. The employee was careless when he stepped into the hole thereafter.
Appellants argue that contributory negligence should not apply because the employee was not free to avoid the known risk once his supervisor ordered him to help unload the truck. We disagree. Criteria for determining an employee’s contributory negligence were enunciated in Miller v. Employers Mut. Liability Ins. Co., 349 So.2d 1353 (La.App.2d Cir.1977), writ denied:
1. Relative knowledge of the danger by the supervising employee and the injured employee;
2. Relative control over the employee’s situation;
3. The degree to which the employee’s conduct is voluntary on his part;
4. Alternatives available to the employee;
5. Obviousness of the danger; and
6. Relative ability to eliminate the danger.
Miller, at 1362.
The employee successfully avoided the hole several times. This is not the type of dangerous activity which should excuse contributory negligence because the defendant did not compel the employee to expose himself to the risk. Instead, the employee was free to assist the truck driver in any manner and to the extent the employee desired. The employee was told by his superior simply to “help” unload the truck and without being specifically instructed how.
CONTRIBUTORY NEGLIGENCE AS A DEFENSE TO 2317
The applicability of contributory negligence to a 2317 situation is determined on a case by case basis taking into account policy considerations concerning defendant’s conduct.[2] Dorry v. Lafleur, 399 So.2d 559 (La.1981). Appellants argue that because defendant was engaged in a commercial enterprise designed for profit, *908 Dorry should control and preclude contributory negligence as a defense.
In Dorry, plaintiff paid admission to enter defendant’s skating rink where customers were expected to entertain themselves and should not have been expected to notice hazards on the floor. The Dorry defendant had a higher duty to protect Dorry from his own negligence. The defendant trucking company is not a commercial activity in the same sense and there should be no duty on this defendant to protect the employee of another from his own negligence. Defendant admittedly derived an economic benefit from the truck, but this fact does not elevate defendant to the high duty recognized in Dorry.
CONCLUSION
We find that, in this case, contributory negligence is applicable as a defense and AFFIRM the judgment at appellants’ cost.
SEXTON, J., concurs.

. Art. 2315 reads, in part:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Art. 2317 reads as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the' act of persons for whom we are answerable, or of the things which we have in our custody.

. Contributory negligence should not be a defense to an action under 2317 when the defendant's conduct is:
(1)abnormally dangerous
(2) ultrahazardous
(3) commercial in the sense that it is designed to render a profit. Dorry, supra.