KLEES, Judge.
Plaintiff appeals the trial court’s decision dismissing his suit. We reverse.
Plaintiff, a pest control applicator, was injured on September 6, 1977 when he tripped on a loose piece of carpeting while spraying the hallway of an apartment building owned by defendant Lake Kenil-worth, Inc. [hereinafter “Kenilworth”]. Following the injury, plaintiff filed an ac *50 tion in tort against Kenilworth and a workmen’s compensation suit against his employer, Denny Miller, and Miller’s insurer.
This case has a rather circuitous procedural history, having been in this court on two prior occasions. On October 9, 1979, the district court granted summary judgment in favor of Kenilworth, dismissing plaintiff’s tort suit on the grounds that he was the statutory employee of Kenilworth. We affirmed that decision, Duvalle v. Lake Kenilworth, Inc., 383 So.2d 408 (La.App. 4th Cir.1980). After granting writs, the Supreme Court reversed and remanded the case to the trial court, 396 So.2d 1268 (La. 1981). The case was bifurcated as to liability and damages, and a trial on liability alone was held in June of 1983. The workmen’s compensation action was continued pending the outcome of the tort suit. At the conclusion of the trial, the district judge again dismissed the suit on the grounds that plaintiff was the statutory employee of Kenilworth. On appeal, we reversed and remanded to the trial court for its decision on liability, 467 So.2d 850 (La.App. 4th Cir.1984). On June 24, 1986, after reconsidering the record, the trial court held that plaintiff’s recovery was barred by his own negligence, and again dismissed the case. Plaintiff now appeals from that judgment.
This is an action in strict liability under Civil Code article 2322, which states that the owner of a building is responsible for damage occassioned by its ruin. Because the accident occurred in 1977, comparative negligence is not applicable. Under the prior law, contributory negligence completely barred plaintiff’s recovery in a negligence action, but did not necessarily have that effect in an action founded upon strict liability. To defeat a claim in strict liability, the defendant must show that the damage was caused by the fault of the victim, the fault of a third person, or an irresistible force. Loescher v. Parr, 324 So.2d 441 (La.1975).
In Dorry v. Lafleur, 399 So.2d 559 (La. 1981), the Supreme Court addressed the issue of “whether the ‘victim fault’ identified in Loescher v. Parr as a defense in a strict liability case, may include ordinary contributory negligence.” Id. at 560. Like the instant case, Dorry involved liability imposed upon the owner of a building under article 2322. The plaintiff was the patron of a skating rink who slipped and fell in a puddle created by water leaking through a defective roof. Although the plaintiff was aware of several wet areas on the floor and had successfully skated around them for an hour, he did not notice this particular puddle until he fell in it. The Court held that although contributory negligence could be a defense to strict liability under certain circumstances, it must be rejected as a defense in Dorry because the “ruined building” housed a commercial enterprise to which plaintiff had paid the price of admission. 399 So.2d at 561.
The instant case, like Dorry, involves only contributory negligence, not assumption of the risk. (Defendant concedes this fact in his brief). The trial judge found, in his Reasons for Judgment, that both parties were negligent, with plaintiff’s negligence being his “failure ... to see the defect [in the carpet] which was in clear view and adequately lighted”. In other words, the plaintiff did not see what he should have seen. The trial judge did not indicate which particular factors or circumstances in this case lead him to decide that the plaintiff’s negligence was equivalent to victim fault, thus dismissing the case.
Following the trial judge’s decision in this matter, the Supreme Court decided Rozell v. Louisiana Animal Breeders Coop., Inc., 496 So.2d 275 (La.1986), a pre-comparative negligence case founded upon strict liability under Civil Code article 2321 (responsibility of an animal owner for damage caused by the animal). Rozell involved a bull that attacked its caretaker when the caretaker deliberately left the “safe space” where he had been standing and entered the animal’s pen in an attempt to open a jammed gate. In Rozell, the Court again faced the same issue it had addressed in Dorry: under what "circumstances does contributory negligence constitute fault of victim? The Rozell Court stressed that the defenses to strict liability are not based *51 upon the negligence of the injured person, but are causation defenses. In deciding that the plaintiffs conduct did not constitute victim fault, the Court stated:
Rozell did nothing to cause the bull to attack him. Victim fault must rise to the level of causing the accident before it will bear recovery. Otherwise, the doctrine of strict liability would have no utility. The liability would not be “strict”.
On the other hand, the use of the strict liability doctrines leave no room for contributory negligence as we have known it. Victim fault, to be a defense, must be at least a substantial cause.
496 So.2d at 279-80 [footnotes omitted].
Following the reasoning of Rozell, we cannot find that the plaintiffs negligence in the instant case was a substantial cause of his accident. The plaintiffs failure to notice the loose piece of carpeting may have contributed to his fall, but the real cause of the accident was the defective carpeting which was defendant’s responsibility to maintain.
Accordingly, we find the defendant liable for plaintiffs injuries, and we therefore reverse the decision of the trial court and remand this case to that court for trial on the issue of damages.
REVERSED AND REMANDED
SCHOTT, J., dissents.
CIACCIO, J., concurs in the dissent.