524 So.2d 788 (1988)
J. Minos SIMON d/b/a Dixieland Farm, Plaintiff-Appellee,
v.
FASIG-TIPTON COMPANY OF NEW YORK, Fasig-Tipton Louisiana, Inc. and T. Mason Grasty (Dismissed 04/10/86) and L.P. "Bud" Thibodaux (Dismissed only in part 08/18/86), Defendants-Appellees (Fasig and Grasty) Defendant-Appellant (Thibodaux).
No. 87-6.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Writ Denied May 13, 1988.
*789 Lawrence N. Curtis, Michael F. Thompson, Lafayette, for plaintiff-appellee.
Perret & Castle, Henry C. Perret, Lisa B. Cusimano, Lafayette, for defendant-appellant.
Before GUIDRY, YELVERTON, JJ., and SWIFT,[*] J. Pro Tem.
G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The judgment in this case was rendered on the respective motions for summary judgment filed by the plaintiff and defendant, and we are called upon to determine on this appeal whether there are any genuine issues of material fact in regard to the numerous issues in the suit.
J. Minos Simon, plaintiff, filed the suit against several defendants, of which only L.P. "Bud" Thibodaux remains. He alleged that the defendant, acting as plaintiff's agent in a thoroughbred horse business, violated his fiduciary duty to plaintiff on several occasions. In particular, plaintiff complains of a conversion of plaintiff's funds, misrepresentation of fractional ownership in a horse sold to plaintiff by defendant, and that defendant owes him $18,000.00 in unearned commission.
Defendant has denied all pertinent paragraphs of plaintiff's pleadings relative to the aforementioned allegations. He has also reconvened, alleging the existence of a partnership and/or joint venture with plaintiff and the failure of plaintiff to fulfill his obligations and responsibilities thereunder.
As stated, both parties filed motions for summary judgment. Defendant's motion was granted in his favor on two extraneous issues which plaintiff did not appeal. Plaintiff's motion for summary judgment was granted in his favor on the other issues in the case. Defendant appeals from that judgment citing eight assignments of error.
Finding that there are genuine issues of material fact relative to all issues raised on this appeal, we affirm in part, reverse in part and remand for further proceedings consistent with these findings.
Plaintiff, a prominent attorney in the Lafayette area, and defendant, a former board member of the Louisiana Thoroughbred Breeders Association, entered into an agreement for a mutual race horse business. Defendant had experience in purchasing, raising and breeding horses while plaintiff did not. However, plaintiff possessed the needed capital and the farm land for such a venture. This is as far as the two parties agree in this appeal. They disagree as to the terms of their agreement and the legal consequences thereof, when it was reached, the benefits each would derive therefrom and whether the defendant was to actually own an interest in the horses purchased and foaled. The record also clearly reflects their dispute as to all other issues in the suit except those in that part of the judgment in favor of defendant.
Plaintiff alleged, among other things, the following in his supplemental and amending petitions:
(1) That in July 1981, defendant approached plaintiff and agreed to represent him in all future transactions of plaintiff's horse farm known as Dixieland Farm, for which the defendant was to receive 10% of the profits from the sale of all horses purchased and all foals born in this agency status;
(2) That defendant was plaintiff's fiduciary agent and as such attempted to convert monies produced by a sale of two horses owned by plaintiff;
(3) That defendant violated his fiduciary agent status in allegedly overpricing two breeding seasons in a stallion by *790 $10,000.00 and receiving this amount in a kickback from the owner of the stallion;
(4) That defendant misrepresented to plaintiff the authority to sell to plaintiff a one-half interest of a fractional share in the stallion, Honest Moment, that defendant owned;
(5) That defendant received from plaintiff $18,000.00 as advancements in commission which were unearned; and
(6) That defendant, through his breaches of his fiduciary duty, owes plaintiff additional monies and should be held to render an accounting thereof.
Defendant set forth, among others, these particulars in his responsive pleadings:
(1) Defendant denied all pertinent allegations of fraud, kickbacks and fiduciary violations of the alleged agent status;
(2) That plaintiff approached defendant in September 1982 and offered to form a partnership and/or a joint venture with defendant;
(3) That plaintiff was to provide the land and the capital while defendant was to provide his time, knowledge and experience;
(4) That plaintiff and defendant entered into a verbal agreement wherein defendant would obtain a 10% interest in each horse purchased by plaintiff and in the foals born;
(5) It was agreed that defendant would receive 50% of the profit realized as a result of sales of horses purchased by plaintiff for speculative reasons, and has been denied a percentage of these profits actually realized;
(6) It was agreed that defendant would receive 50% of the awards given to plaintiff and defendant, who were listed as co-breeders, by the Louisiana Breeders Association;
(7) That plaintiff failed to remunerate defendant for his 10% ownership interest in horses sold;
(8) That plaintiff converted funds belonging to defendant relative to his share of the aforementioned Louisiana Breeders Association awards;
(9) That plaintiff has failed to reimburse defendant for out-of-pocket expenses of over $15,000.00; and
(10) That in the event the trial court found there to be no partnership and/or joint venture, that defendant be compensated under the doctrine of quantum meruit.
The record before this court is extensive containing numerous depositions, affidavits and testimony from earlier motions.
The defendant contends the trial court erred in the following respects:
(1) In granting summary judgment in favor of plaintiff by weighing evidence, assessing the credibility of defendant, and considering live testimony in its determination;
(2) In ruling that defendant was not entitled to production of the income tax returns of plaintiff;
(3) In finding that there was no partnership and/or joint venture between plaintiff and defendant;
(4) Alternatively, in ruling that defendant was not entitled to compensation from plaintiff on the basis of quantum meruit after concluding there was no partnership and/or joint venture between plaintiff and defendant;
(5) In ruling that defendant was the agent of plaintiff and awarding plaintiff summary judgment on the issues of liability and damages;
(6) In ruling that plaintiff was entitled to an accounting from defendant;
(7) In granting summary judgment in favor of plaintiff on the reconventional demand and supplemental and amending reconventional demand of defendant without ruling on defendant's allegations that the Breeder's awards to which he is entitled have been appropriated and/or converted by plaintiff; and
(8) The trial court erred in granting summary judgment in favor of plaintiff in connection with his claim that there had not been a valid transfer to him by defendant of a fractional interest in the horse, "Honest Moment."
While the same criteria for summary judgment apply to all issues involved on *791 this appeal, the main focus of our inquiry is whether there is a genuine issue of material fact as to the existence of a partnership and/or joint venture between the parties as a result of their agreement.
The relevant article, La.C.C.P. Art. 966, with which we are concerned reads in part:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The purpose of this procedural tool is to cut through the meaningless and unsupported allegations, thus getting at the heart of the issues before a trial court and allowing an expedited judgment, if worthy of such. Its use, however, must not be unbridled as it denies the adverse party his day in court. In Ferina v. Howard, 285 So.2d 805, at page 808 (La.App. 3 Cir.1973), this court stated:
"Summary judgment is not a substitute for trial on the merits. Litigants are not to be denied their day in court on finding documents and affidavits which make it appear unlikely that one party can prevail. Once the trial judge detects the existence of a disputed material fact, he may not render summary judgment."
Thus, the mover has the burden of proving the absence of any genuine issue as to material fact. See Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981), rev'd and remanded on other grounds, 467 So.2d 850 (La.App. 4 Cir.1984), writ den., 472 So.2d 919 (La.1985), rev'd and remanded on other grounds, 503 So.2d 49 (La.App. 4 Cir.1987), writ den., 506 So.2d 1228 (La. 1987); Mashburn v. Collin, 355 So.2d 879 (La.1977).
Additionally, the weighing of conflicting evidence on material fact has no place in a summary procedure. In Mecom v. Mobil Oil Corp., 299 So.2d 380, at page 386 (La.App. 3 Cir.1974), writ application denied, 302 So.2d 308 (La.1974), this court reversed the summary judgment granted by the trial court because the trial judge's written reasons for judgment reflected that he had actually weighed the evidence presented and concluded that the evidence offered was in favor of Mobil. This court stated:
"[S]ummary judgment procedure is not appropriate when based upon affidavits, etc. offered to establish subjective facts such as motive, intent, malice, good faith, or knowledge. These simply are not the types of issues which are appropriate for such determination and disposition. Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La.App. 3rd Cir.1969).
Although the trial judge rendered excellently written reasons, showing very extensive time and deliberation spent in coming to the decision that no genuine issue as to material facts existed, we cannot lose sight of the established jurisprudence insofar as summary judgments are concerned. When there is any doubt as to the existence of an issue it is resolved in favor of a full trial on the merits."
A review of the trial judge's extensive eighty page essay of reasons for judgment in the present case clearly mirrors the error involved in Mecom. The trial judge states:
"There are additional reasons which convince the Court that there existed no partnership or joint venture between the litigants. Before engaging in a discussion of those particular items, the Court considers it appropriate to reflect momentarily upon a brief profile of defendant's background.

* * * * * *
[T]he Court observes with no small amount of incredibility ...
* * * * * *
[S]ome of the excerpts cited are typical of the demeanor of the witness and the manner in which he testified ..." (Emphasis added.)
The trial judge further refers to defendant as a liar and a thief.
Such evaluation of testimony and weighing of evidence, in a motion for summary *792 judgment, clearly violates the established principle that issues of credibility are not before a court on a motion for summary judgment. See Mecom, supra; Watson v. Cook, 427 So.2d 1312 (La.App. 2 Cir.1983); Lachney v. Employers Cas. Co., 281 So.2d 761 (La.App. 3 Cir.1973).
It appears from the record the defendant may experience difficulty in establishing at the trial that the parties intended there be any sharing of losses, an essential element of a partnership and a joint venture. However, as we stated in Ferina, although from the documents considered it appears unlikely that one party can prevail, summary judgment cannot be granted once the judge detects the existence of a disputed material fact. It is, of course, also well settled that any doubt in this connection must be resolved in favor of a full trial on the merits.
Thus, we find there was a genuine issue of fact as to whether the agreement between the parties resulted in the formation of a partnership and/or joint venture. This is also true as to the other issues raised on this appeal, which were treated similarly by the trial judge. Consequently, the defendant is entitled to a trial on the merits.
Defendant also assigns as error the ruling of the trial court that he was not entitled to production of the income tax returns of plaintiff.
We agree with the trial court's ruling in this respect. Because income tax returns are confidential in nature and are of a personal character, good cause must be shown for their production. Albright v. Prentice, 425 So.2d 336 (La.App. 3 Cir. 1982), writ den., 430 So.2d 84 (La.1983); Bianchi v. Pattison Pontiac Company, Inc., 258 So.2d 388 (La.App. 4 Cir.1972); Cousins v. State Farm Mutual Auto. Ins. Co., 258 So.2d 629 (La.App. 1 Cir.1972).
The trial court ordered an in-camera inspection of plaintiff's income tax returns by a court-appointed C.P.A., who was instructed to determine whether the returns reflected a co-ownership interest of the defendant in the horses. This appointment was at the request of defense counsel. The inspection was thereafter performed and no co-ownership interest by defendant was reflected. We believe this sufficiently complied with the defendant's request.
For the foregoing reasons, we modify the trial court judgment as follows: We affirm the trial court's summary judgment in favor of defendant, L.P. Thibodaux, and against plaintiff, J. Minos Simon. We also affirm the decision of the trial court in denying defendant's motion to produce plaintiff's income tax returns. We reverse the remaining decrees in this judgment and the order of accounting directed to defendant by the trial court and remand this case to the trial court for further proceedings consistent with these findings.
All costs of this appeal are taxed to the plaintiff-appellee.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.