KLEES, Judge.
This appeal arises from a summary judgment dismissing plaintiff’s action. Plaintiff instituted suit against the defendant, Fluor Engineers, Inc., seeking damages for injuries she allegedly sustained in a slip and fall incident.
Plaintiff, Gloria E. Clements, an employee of Tenneco, alleged that she was injured when she slipped and fell while performing her duties at the Tenneco Refinery in Chal-mette, Louisiana. The area in which she was allegedly injured was under construction by defendant, Fluor Engineers, Inc., pursuant to a contractual agreement with Tenneco. Plaintiff, arguing that the defendant is liable under Civil Code articles 2316 and 2317, alleges that the accident was caused by the unsafe condition of the groundwork which was constructed by and under the custody and control of the defendant.
Defendant filed a motion for summary judgment, arguing that care, custody and control of the area in question had been transferred to Tenneco prior to the date of the alleged accident. Defendant attached to its motion, the affidavit of Mr. W.E. Heck, Tenneco’s Project Executive, who stated that the care, custody and control of the area had been transferred by Fluor to Tenneco more than two months prior to the alleged accident, pursuant to Article Ten of the construction contract.
Section 10.2 of the construction agreement provides that:
“(t)he care, custody and control of the Facilities or portion thereof shall pass to Owner [Tenneco] upon Owner’s written agreement to transfer of care, custody *411 and control of the Facilities or portion thereof. Owners may refuse transfer of care, custody and control of the Facilities or portion thereof; but in any event, the care, custody and control of the Facilities or portion shall pass to Owner no later than the time when Owner takes physical possession thereof. Passage of care, custody, and control to Owner shall not be construed as acceptance by the Owner of only portion of the Facilities or Work. From and after the date of passage of the care, custody and control of the Facilities or portion, Owner shall assume all risk of physical loss or damage thereto and shall and does hereby, waive its rights of subrogation against Fluor and its subcontractors for loss or damage which may thereafter be covered under Owner’s insurance.”
The contractual transfer of the care, custody, and control of Unit 83 East Tank Farm, the area in question, took place on July 15, 1983. However, construction of the tank farm was not completed until after May 3, 1984, as is evidenced by a letter from W.E. Heck to Mr. Hans J. Kirchner, Fluor’s Project Director. The letter, dated May 3, 1984, states that a few defects existed, and that landscaping of the area and the electrical feeder system were not complete. Ten-neco, through Mr. Heck, further stated that the completion notice would not be executed until all items had been completed and/or corrected. The plaintiff, Ms. Clements, was allegedly injured on or about September 26, 1983, approximately eight and one-half months prior to the letter of Mr. Heck.
These documents thus present a situation where the care, custody and control of the area in question was contractually transferred from Fluor to Tenneco prior to the plaintiff’s accident. However, there exist the possibility that Fluor may have had physical care, custody and control of the construction area at the time of plaintiff’s accident. Moreover, the contractual language quoted above does not even attempt to address the question of liability for personal injuries but seems to be confined to property damage.
The question on appeal thus, is whether Fluor’s transfer of contractual care, custody and control to Tenneco defeats plaintiff’s negligence and strict liability actions under Civil Code articles 2316 and 2317.
Contracts may produce effects for third parties only when provided by law. L.S.A.-C.C. article 1985 (formerly, articles 1763 and 1902 of Civil Code of 1870). Comment (b) under Civil Code article 1985 states that “(t)he article provides that contracts bind only the parties unless they have carefully stipulated otherwise.” In the present ease, the contract is devoid of any provisions in which Fluor and Tenneco stipulate that the rights of third parties are to be affected. Therefore, the contractual transfer of care, custody and control does not defeat plaintiff’s strict liability action under Civil Code article 2317.
Article 2317 of the Civil Code provides that one is strictly liable for the damage caused by things in one’s custody. Loescher v. Parr, 324 So.2d 441 (La.1975). To recover under this article, one of the essential elements that must be proved is that the defendant had custody of the thing that caused the damage. Stewart v. Sam Wallace Indus. Co., 409 So.2d 335 (La.App. 1st Cir.1981); Loescher v. Parr, supra. As we have held that the contractual transfer of custody by Fluor to Tenneco is not binding on the plaintiff, there still exist a genuine issue of material fact as to whom had actual physical custody of the construction area at the time of plaintiff’s alleged accident.
Further, plaintiff has alleged that the defendant was negligent under Civil Code article 2316. The issue of custody of the construction area does not concern plaintiff's action under this article, as Article 2316 imposes liability for damage which results from one’s acts, negligence, imprudence or want of skill. Defendant’s motion for summary judgment and affidavit does not even touch upon the issue of negligence. The affidavit does not refute that Fluor may have still been working in the area. It simply states that a contractual *412 transfer of custody of the area had occurred. Furthermore, the pleadings relied upon by the defendant do not show that plaintiff’s accident resulted from someone else’s negligence, want of skill or imprudence.
A summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. L.S.A.-C. C.P. article 966. The defendant, Fluor, has not shown that no genuine issues of material fact exist. In fact, the record indicates that there are several issues that must be resolved; namely who had physical custody of the construction area, was Fluor still working in the area at the time of plaintiffs accident and if so, did Fluor create a negligent situation which caused plaintiffs injury.
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for proceedings consistent with the opinion herein.
REVERSED AND REMANDED.